IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAERA REED,

                                      OPINION AND ORDER

           Plaintiff,

                                      17-cv-590-bbc

     v.

JOHN OURADA, PAUL WESTERHAUS,
WAYNE S. OLSON, WENDY PETERSON,
BRAIN GUSTKE, LORI MCCALISTER,
KYLE HOFF and CHARLES PALMER,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAIGE RAY-CLUNEY,

                                      OPINION AND ORDER

           Plaintiff,

                                      17-cv-591-bbc

     v.

JOHN OURADA, PAUL WESTERHAUS,
WAYNE S. OLSON, WENDY PETERSON,
BRAIN GUSTKE, LORI MCCALISTER,
CHARLES PALMER, DARRELL STETZER and
ANDREW YORDE,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Laera Reed and Paige Ray-Cluney, both residents of Iowa, have brought a number of constitutional and state law claims against several defendants arising out of alleged abuse they suffered while confined at the Copper Lake School for girls in Irma, Wisconsin. Plaintiffs were confined at Copper Lake pursuant to court orders from Iowa

1

state courts. At the time of their confinement, the State of Iowa had contracted with the State of Wisconsin to house juvenile detainees at Copper Lake. Acting in his position as the director of the Iowa Department of Human Services, defendant Charles Palmer had authorized the contract on behalf of the State of Iowa. Plaintiffs contend that Palmer should be held liable for the harm they suffered while at Copper Lake because he knew, or should have known, of the abuse at the Copper Lake but failed to take any steps to remove plaintiffs.

In December 2017, I granted defendant Palmer's motion to dismiss the claims against him because I concluded that he was entitled to qualified immunity with respect to plaintiffs' federal claims, plaintiffs had conceded they had not exhausted their state law tort claims and I declined to exercise supplemental jurisdiction over plaintiff Reed's constitutional claims arising under Iowa's constitution. Dkt. #23 in 17-cv-590-bbc and Dkt. #26 in 17-cv-591-bbc. (Unless otherwise noted, citations to docket numbers in this opinion refer to case number 17-cv-590.) Plaintiffs appealed the dismissal of their federal claims, and the Court of Appeals for the Seventh Circuit reversed. Reed v. Palmer, 906 F.3d 540 (7th Cir. 2018). Plaintiffs did not appeal the dismissal of their Iowa state law claims, and instead filed those claims in Iowa state court.

After the federal claims were remanded, Palmer renewed his motions to dismiss with respect to the arguments left unaddressed in the previous decision. Specifically, he argues that the claims against him should be dismissed because (1) this court cannot exercise personal jurisdiction over him; (2) Wisconsin is an inconvenient forum; and (3) Iowa has

not waived its Eleventh Amendment sovereign immunity. As discussed below, I do not find Palmer's personal jurisdiction and forums non conveniens arguments persuasive. The sovereign immunity argument fails because plaintiffs' only remaining claims against Palmer are individual capacity claims for damages, and the Eleventh Amendment does not bar damages suits against state officials in their individual capacities. Kroll v. Board of Trustees of the Univ. of Illinois, 934 F.2d 904, 907 (7th Cir. 1991). As to plaintiffs' official capacity claims, they were brought under the Iowa constitution, were dismissed earlier in the case and have not been the subject of an appeal. Therefore, Palmer's motion to dismiss will be denied.

OPINION

A. Personal Jurisdiction

A federal court may exercise personal jurisdiction over a nonresident defendant "whenever the person would be amenable to suit under the laws of the state in which the federal court sits (typically under a state long-arm statute), subject always to the constitutional due process limitations encapsulated in the familiar 'minimum contacts' test." KM Enterprises Inc. v. Global Traffic Technologies, Inc., 725 F.3d 718, 723 (7th Cir. 2013). Wisconsin's long-arm statute, Wis. Stat. § 801.05, confers jurisdiction to the maximum extent allowed by the due process clause. Felland v. Clifton, 682 F.3d 665, 678 (7th Cir. 2012). Plaintiffs have the burden of establishing personal jurisdiction when a defendant challenges it. Northern Grain Marketing, LLC v. Greving, 743 F.3d 487, 491 (7th Cir.

3

2014). Where, as here, the issue is raised on a motion to dismiss, plaintiffs need only make a prima facie showing of jurisdictional facts. Purdue Research Found. v. Sanofi–Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003).

Turning first to Wisconsin's long-arm statute, plaintiffs contend that Wisconsin has general personal jurisdiction over defendant Palmer under Wis. Stat. § 801.05(1)(d) based on his "substantial and not isolated activities" in Wisconsin. This argument is not persuasive. Palmer's only alleged contacts with Wisconsin relate to the contract he signed with Wisconsin's Department of Corrections in his role as director of the Iowa Department of Human Services. Although the contract was in place from October 2014 to June 2016 and resulted in the housing of four to six Iowan girls in Wisconsin, this is not enough to establish general jurisdiction over Palmer. Wisconsin's general jurisdiction statute applies to defendants whose general contacts with the state result in the defendant's taking up "local presence or status" within the state. Rasmussen v. General Motors Corp., 2011 WI 52, ¶ 18, 335 Wis. 2d 1, 803 N.W.2d 623. See also Tamburo v. Dworkin, 601 F.3d 693, 701 (7th Cir. 2010) ("The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence.") In this instance, plaintiffs have not alleged facts or submitted evidence showing that Palmer took up a "local presence or status" in Wisconsin. There are no allegations that Palmer visited Wisconsin, communicated regularly with Wisconsin residents or had any "substantial and not isolated activities" in Wisconsin. Thus, this court does not have general jurisdiction over Palmer.

Plaintiffs contend that if general jurisdiction does not exist, specific jurisdiction does.

Plaintiffs cite first to § 801.05(3) ("Local Act or Omission"), which extends jurisdiction in "any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant." Plaintiffs also cite § 801.05(4)(a) ("Local Injury; Foreign Act"), which extends personal jurisdiction in "any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant," provided that "[s]olicitation or service activities were carried on within this state by or on behalf of defendant" at the time of the injury. Plaintiffs contend that the injuries they suffered at Copper Lake School arose out of defendant's "act" of contracting to confine plaintiffs at Copper Lake and his "omission" of not removing plaintiffs from Wisconsin. Plaintiffs also contend that their confinement constitutes "service activities" carried on within Wisconsin on behalf of Palmer.

Defendant Palmer responds that neither provision applies because his act of contracting did not *cause* plaintiffs' injuries and he was not in any position to remove plaintiffs, as only the court had such authority. However, defendants' arguments relate to the merits of plaintiffs' claims, not whether their allegations are sufficient to establish personal jurisdiction. At this stage, Palmer has not submitted any evidence that he lacked authority to remove plaintiffs from Copper Lake or that he could not have made a recommendation that Iowa's contract with Wisconsin be terminated or that plaintiffs should be removed in light of the serious allegations of misconduct that had been reported. It may be that Palmer lacked such authority but without any evidence to the contrary, I must accept plaintiffs' allegations as true. Accordingly, I conclude that this court has statutory

permission to exercise personal jurisdiction over this defendant.

The next question is whether defendant Palmer has sufficient "minimum contacts" with Wisconsin, such that this suit "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). See also Illinois v. Hemi Group, LLC, 622 F.3d 754, 757 (7th Cir. 2010). The court considers whether "the defendant should reasonably anticipate being haled into court in the forum state, because the defendant has purposefully availed itself of the privilege of conducting activities there." Kinslow v. Pullara, 538 F.3d 687, 691 (7th Cir. 2008). The Court of Appeals for the Seventh Circuit has identified three essential requirements for finding the existence of minimum contacts: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." Felland, 682 F.3d at 673 (internal citations omitted).

Defendant Palmer argues that allowing claims to proceed against him offends traditional notions of fair play and substantial justice because his only contact with Wisconsin was "signing a contract and paying for placement ordered by the juvenile courts." Dft.'s Br., dkt. #40, at 6. But Palmer is downplaying plaintiffs' allegations about the specific conduct he took that was directed at Wisconsin. Plaintiffs have alleged that Palmer contracted with Wisconsin to send girls to Copper Lake, both before and after they were

ordered there, Cpt., dkt. #1, ¶ 1, and that he later renewed the contract in June 2015. Dkt. #19-2. Plaintiffs also allege that Palmer received reports from Copper Lake about plaintiffs and monitored their confinement. Cpt., dkt. #1, ¶ 25. These allegations are sufficient to suggest that Palmer purposefully directed activities at Wisconsin. They are also sufficient to infer that plaintiffs' injuries relate to Palmer's contacts with Wisconsin.

Finally, Palmer has not shown that there would be any significant burden upon him in litigating in Wisconsin, while plaintiffs have pointed to several reasons why the case should stay here: Wisconsin's interest in adjudicating this dispute; plaintiffs' interest in obtaining convenient and effective relief; and the efficiency in litigating all of plaintiffs' federal claims in one forum. Under the circumstances, I agree with plaintiffs that exercising personal jurisdiction over Palmer comports with the requirements of due process.

B. Forum Non Conveniens

Defendant Palmer next argues that the claims against him should be dismissed under the doctrine of forum non conveniens, which allows a court to dismiss a case properly before it when litigation would be more convenient in a foreign forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981). The doctrine of forum non conveniens "is an exceptional one that a court must use sparingly." Deb v. SIRVA, Inc., 832 F.3d 800, 805 (7th Cir. 2016). Palmer argues that Iowa would be a more convenient forum to litigate plaintiffs' claims against him.

Defendant's argument fails. In this instance, plaintiffs filed suit in Wisconsin because

their injuries occurred at Copper Lake, in Wisconsin, and many of the witnesses and evidence are located in Wisconsin. Although defendant Palmer is located in Iowa and some of the evidence relevant to plaintiffs' claims against him is located there, plaintiffs will also need evidence and witnesses located in Wisconsin to succeed on their claims against him. In particular, plaintiffs' claims against Palmer will depend on their proving that they actually suffered abuse and injury while confined at Copper Lake. Additionally, it would be inefficient and inconvenient for plaintiffs to require them to proceed with their federal claims in two separate lawsuits in two separate federal courts. Accordingly, I will not dismiss plaintiffs' claims against Palmer on the grounds of forum non conveniens.

ORDER

IT IS ORDERED that defendant Charles Palmer's motions to dismiss, dkt. #39 in 17-cv-590-bbc and Dkt. #42 in 17-cv-591-bbc, are DENIED.

Entered this 23d day of May, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge